11-1310.111-JCD                                          November 22, 2011

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

```
LORI HESS, DAVID GUPTA,              )
MARIKAY BELSANTI, MARVIN AAL,        )
DAVID NELSON, ABBY STARR,            )
WILLIAM ZANETIS, VIVIAN SAN JUAN,    )
and SCOTT PALMER,                    )
                                     )
          Plaintiffs,                )
                                     )
     v.                              )    No. 11 C 1310
                                     )
TRAVELERS CASUALTY AND SURETY        )
COMPANY OF AMERICA,                  )
                                     )
          Defendant.                 )
```

## MEMORANDUM OPINION

Before the court is defendant's motion to dismiss Count II of the complaint. For the following reasons, the motion is granted.

## BACKGROUND

This is an action against Travelers Casualty and Surety Company of America ("Travelers") for a declaratory judgment of insurance coverage and damages for breach of a "Non-Profit Management and Organization Liability Insurance Policy" (the "Policy") issued to the Dearborn Elm Condominium Association (the "Association"). The Association is the unit owners' association for the building located at 1155 North Dearborn Street in Chicago, Illinois, and at all relevant times, plaintiffs were members of the Association's Board of Directors. On September 24, 2009, Travelers

issued the Policy to the Association; the stated Policy Period was from November 18, 2009 through November 18, 2010.

On May 25, 2010, a lawsuit (the "JDL suit") was filed in the Circuit Court of Cook County against the instant plaintiffs by JDL Development IX, LLC and 1035 North Dearborn, LLC (the "JDL plaintiffs"). The JDL plaintiffs, which own condominiums at 1155 North Dearborn, allege in their complaint that the instant plaintiffs, as board members, breached their fiduciary duties to the unit owners by allowing certain construction-related defects and problems to occur and continue; failing to take action; failing to make necessary repair, remediation or replacement; and failing to establish a proper reserve fund for the related costs. (Compl., Ex. 1, ¶ 43.)

In June 2010, the instant plaintiffs tendered defense of the JDL suit to Travelers. By letter dated June 23, 2010, Travelers denied coverage and declined to defend, citing an exclusion included in a Policy endorsement titled "Amended BI/PD Exclusion." After a series of correspondence with plaintiffs pursuant to their request that it reconsider its decision, Travelers issued a letter on November 11, 2010 in which it confirmed its denial of coverage. This suit followed.

In Count I of the complaint, plaintiffs seek a declaratory judgment that the Policy provides indemnification and defense in connection with the JDL suit. In Count II, plaintiffs allege that

- 3 -

Travelers materially breached the Policy and acted in bad faith in declining coverage, and they seek compensatory and punitive damages. Travelers moves for dismissal of Count II.

## **DISCUSSION**

According to Travelers, Count II, which is captioned "Breach of Contract (Bad Faith)," is not cognizable under Illinois law. Travelers cites the leading case on the issue, Cramer v. Insurance Exchange Agency, 675 N.E.2d 897 (Ill. 1996), which stands for the proposition that the only "extra-contractual" claims on insurance policies that are recognized by Illinois law are those (1) contemplated by § 155 of the Illinois Insurance Code;[1] (2) where the insurer in bad faith fails to settle a claim within policy limits; and (3) where the insurer is liable for a well-established tort independent of any contractual obligation. Plaintiffs do not invoke § 155, nor do they allege a bad-faith failure to settle a claim or the elements of a well-established tort such as common-law fraud.

Plaintiffs' response is curious. Plaintiffs contend that Count II is a breach of contract claim and that Travelers "mischaracterize[s]" it by deeming it "extra-contractual." At the same time, plaintiffs state that "[a]s part of" their breach claim,

---

[1] Section 155 allows policyholders to recover reasonable attorney's fees, other costs, and a penalty if an insurer's conduct, such as a refusal to pay a claim or delay in settling a claim, is vexatious and unreasonable. 215 ILCS 5/155.

they "also assert a claim for bad faith." (Pls.' Resp. at 4-5.) Plaintiffs fail to address Cramer, citing only a pre-Cramer case, Barr Co. v. Safeco Insurance Company of America, 583 F. Supp. 248 (N.D. Ill. 1984) (Moran, J.), as support for their argument that § 155 does not preempt a bad-faith claim.[2]

In Cramer, the Illinois Supreme Court held that policyholders have a contractual remedy for an insurer's refusal to pay, an extracontractual remedy under § 155, and possibly a separate tort claim depending on the conduct that is alleged, but that mere allegations of bad faith do not constitute such a separate tort. 675 N.E.2d at 900-906. In Count II, plaintiffs have combined two different claims. One is for compensatory damages for breach of contract. That claim is adequately stated. The other claim, for punitive damages for a "bad faith" refusal to pay on the Policy, is not permitted under Illinois law. Because Count II is a hybrid of two claims, one that is recognized and one that is not, it will be dismissed without prejudice. Plaintiffs will be given leave to replead Count II's breach of contract claim.

Travelers also argues in its reply that plaintiffs "have pleaded themselves out of a § 155 claim," but that issue is not

---

[2]/ Furthermore, plaintiffs fail to acknowledge that Judge Moran reconsidered his decision in Barr and held that § 155 did preempt common-law tort recovery for a bad-faith delay of payment on an insurance claim. Barr Co. v. Safeco Ins. Co. of Am., 706 F. Supp. 616, 618 (N.D. Ill. 1989).

- 5 -

before us.[3]  The complaint does not invoke § 155, nor do plaintiffs contend in their response that they have asserted a § 155 claim.

### **CONCLUSION**

For the foregoing reasons, the motion of defendant Travelers Casualty and Surety Company of America to dismiss Count II of the complaint [9] is granted, and Count II is dismissed without prejudice.  Plaintiffs are given leave to file an amended complaint by December 12, 2011.

DATE:       November 22, 2011

ENTER:      _____
            John F. Grady, United States District Judge

---

[3]/  We also note that defendant's argument that plaintiffs could not overcome its defenses to a § 155 claim is not appropriately resolved on a motion to dismiss.